IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-758-D

| | |
|---|---|
| KIMBERLY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-17 & 19). The time for filing any responses or replies has expired, and, therefore, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-21). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-17) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-19) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on February 20, 2009, alleging disability beginning December 1, 2002. (Tr. 16). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated August 10, 2010. *Id.* at 16-24. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for

review on October 25, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on December 29, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which

establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. As an initial matter, the ALJ noted that Plaintiff last met the insured requirements of the Social Security Act on June 30, 2007. (Tr. 18). Then, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2002. *Id*. At step two, the ALJ found that Plaintiff had a single severe impairment, fibromyalgia. *Id*. However, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 19. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. *Id*. at 20. The ALJ then determined that Plaintiff was capable of performing her past relevant work. *Id*. at 24. Accordingly, the ALJ determined that Plaintiff had not been under a disability from December 1, 2002 through June 30, 2007. *Id*. at 24.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides

insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence.

Plaintiff's assignments of error rely on the contention that the ALJ incorrectly weighed the evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit. Nonetheless, the undersigned shall now address Plaintiff's assignments of error in turn.

**Plaintiff has not presented new and material evidence**

On September 8, 2010, Dr. David Outlaw assessed Plaintiff's RFC. *Id*. at 884-888. Dr. Outlaw noted that he had treated Plaintiff regularly since February 2000. *Id*. at 884. He diagnosed Plaintiff with, *inter alia*, fibromyalgia, osteoarthritis and depression. *Id*. In Dr. Outlaw's opinion, Plaintiff was not a malingerer. *Id*. at 885. According to Dr. Outlaw, Plaintiff's pain and other symptoms would frequently interfere with her ability to perform even simple work. *Id*. It was also determined that Plaintiff was incapable of tolerating even low stress jobs. *Id*. In addition, Dr. Outlaw indicated that Plaintiff could walk less than one city block without rest or severe pain. *Id*. at 886. Dr. Outlaw also opined that Plaintiff could: 1) sit 15 to 20 minutes at one time before needing to get up; and 2) sit, stand and walk less than two hours in an eight hour working day; 3) occasionally look down, look up or turn her head; and 4) rarely twist, stoop, crouch, squat and climb. *Id*. at 886-887. Plaintiff had significant limitations

with reaching, handling or fingering. *Id*. at 887. Ultimately, Dr. Outlaw determined that Plaintiff was not capable of working at any level of exertion and that Plaintiff had been disabled since November, 2005. *Id*. at 888.

Plaintiff argues that Dr. Outlaw's RFC assessment is new and material evidence. Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding [.]" 28 U.S.C. § 405(g). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Services, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. *See*, Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971).

Dr. Outlaw's September 8, 2010 determination is not new evidence. The evidence is cumulative and derivative of other evidence already in the record. Dr. Outlaw's 2010 opinion that Plaintiff was disabled since November 2005 is based on his treatment of Plaintiff during the relevant period. (Tr. 884, 888). These treatment records were contained in the record before the ALJ, and the ALJ expressly considered them. *Id*. at 20-21, 23, 311-407, 581-594). Because Dr. Outlaw's 2010 opinion is based on evidence that the ALJ previously reviewed, it is not new. *See*, Tolbert v. Astrue, 2010 WL 5582943, * 11 (E.D.N.C. December 23, 2010), *Report and Recommendation Adopted by*, 2011 WL 121907 (Jan. 13, 2011). Therefore, this assignment of

error is without merit.

**<u>The ALJ properly considered Plaintiff's mental health treatment</u>**

Plaintiff argues that the ALJ erred by "ignoring the opinion of" Kimberly Phelps, a licensed professional counselor. (DE-18, pg. 7). Ms. Phelps assessed Plaintiff with a GAF of 42 on December 21, 2006. (Tr. 266). Although the ALJ did not specifically mention this GAF assessment, he did discuss Plaintiff's mental health treatment. *Id*. at 19. Based on the evidence of record, the ALJ assessed Plaintiff's anxiety and depression using the special technique for evaluation of mental impairments, 20 C.F.R. § 404.1520a, and found that during the relevant period Plaintiff had mild limitation in performing activities of daily living, maintaining social functioning, and maintaining concentration persistence, or pace, and experienced no episodes of decompensation of extended duration. *Id*. at 19. While it is true that the ALJ did not discuss this specific GAF score, the ALJ did not err because he provided sufficient reasoning for this Court to determine that the proper legal analysis was conducted. *See*, <u>Fields v. Astrue</u>, 2011 WL 6019902, *11-12 (E.D.N.C. Nov. 3 2011)(noting that the ALJ is not required to discuss all evidence in the record and finding no error in the ALJ's failure to discuss GAF scores), *Report and Recommendation Adopted by*, 2011 WL 6019951 (Dec. 2, 2011).

Moreover, the ALJ's findings were supported by substantial evidence. On several occasions, Plaintiff was calmer, less stressed, and had a stable and less anxious mood. *Id*. at 226, 240-243, 246. Upon her discharge, it was noted that Plaintiff had demonstrated "considerable improvement." *Id*. at 224. On June 1, 2009, Dr. Michael Hammonds opined that Plaintiff was not significantly-and no more than moderately-limited in her mental abilities. *Id*. at 504-505. He also indicated that Plaintiff had the ability to: 1) understand and remember very short and simple instructions; 2) carry out very short and simple instructions and maintain

attention and concentration for at least two hours as required for the performance of simple tasks; 3) accept instructions from a supervisor and respond appropriately to criticism; and 4) adapt to changes in the work setting. *Id*. at 506. Ultimately it was determined that Plaintiff could perform simple, routine, repetitive tasks. *Id*. Plaintiff was assessed only mild functional limitations as a result of her mental impairments. *Id*. at 518. It was also determined that Plaintiff's mental impairments did not precisely satisfy the diagnostic criteria of any listed impairment. *Id*. at 511, 513. Accordingly, this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-17) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-19) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, February 25, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE